Good morning, Your Honors. My name is Lynn Hang and I am representing Petitioner Julietta Rodriguez-Smith. I understand that you're doing this pro bono. Yes, I am. Let me stop you right off the bat and not even take your time. We'll give you back ten minutes. Okay. Judge Fletcher, Judge Brewster, and I especially thank you for that opportunity that you're giving us to hear this case and your work that you've done on a pro bono status. It's been a privilege. It doesn't mean we agree with you all the time, but it does say that we really appreciate your added work, the extra help that you've given the petitioner in this case. It's a wonderful thing and I just wanted to especially thank you. Thank you, Your Honors. And I do that up front because, frankly, I was not very long ago on a panel where Judge Fletcher's son was the guy in charge. He's got more seniority than I do, so I was sitting with him and he did it up front and I thought it was especially nice. It doesn't say that the government's going to lose, but it does say we appreciate that you would undertake this. Thank you. Thank you, Your Honors. I'd like to reserve two minutes for rebuttal. The appeal addresses three petitions that have been consolidated for this hearing, each addressing either a motion to reopen or a motion for reconsideration that has been denied by the Board of Immigration Appeals, and Petitioner asserts that the Board has abused its discretion in denying these motions. First, Petitioner's motions were timely, and in all three denials the Board has pointed out that the motions to reopen or motion for reconsideration were denied because they did not meet the 90-day window. However, Petitioner was a victim of ineffective assistance of counsel, which the Ninth Circuit has held as a basis for equitable tolling, and the Petitioner only needs to show that ignorance of this limitations period was caused by circumstances beyond her control. A review of the record shows that Petitioner was never afforded legal proper representation from the beginning of her deportation proceedings. When she first met with her attorney at the time, Mr. Vega, discussing her deportation representation, he refused to have an in-person meeting with her to discuss the scope of the representation or the facts of the case. He only assured Petitioner that they would just meet for the first time at the hearing. And then during the hearing, although Petitioner had approved I-130 at the time, which would have been a basis for a change of status, and the government does not dispute this in its brief, Mr. Vega did not bring this up during her deportation orders, and therefore Petitioner was not allowed to make her best case before the immigration judge. Had her I-130 been brought up in her initial proceedings, then we probably would not even be here today. Well, but even an I-130 has to be, though my proper topic for a motion to reopen, it has to be timely filed, doesn't it? Her I-130 was properly filed and it was granted. It was just not brought up during her deportation proceedings. Well, I guess my worry about the first motion to reopen, the one of April 3rd, 2006, is that I read the statute, she's limited to one motion to reopen, it must be made within 90 days, and there are some exceptions. Claim of asylum, claim of withholding due to country conditions, inabstentia removal, certain motions by battered spouses or children. I didn't find any of those. I didn't find any of those exceptions. In fact, ineffective assistance of counsel, there weren't even any allegations of ineffective assistance of counsel. That was in January 2007. There were no allegations she ever presented that she couldn't present the motion sooner because of ineffective. That issue was never exhausted. Your Honors, that record is correct. However, because Petitioner was represented by Mr. Vega during these proceedings and then he abandoned her after her deportation order in 1997, she was left to navigate the legal system on her own, and she tried her best during those years to seek out alternative avenues to legally stay in the United States. She went to pursue her asylum application, and that was when they told her for the first time that you have to go back to the immigration judge to reopen. Well, it isn't just an asylum application. It's an asylum application due to country conditions. That's how we get to the motion to reopen. Correct. But the point that I wanted to talk about with respect to the ineffective assistance of counsel is that Petitioner was not aware that such a claim even existed until she was appointed pro bono counsel by this Court through its mediation program, and that didn't happen until October 2006. Well, it's a little tough, isn't it, to say to the BIA, hey, you had a motion to reopen in front of you. You didn't have any ineffective assistance of counsel claims. It wasn't even until January 2007 you knew anything about ineffective assistance of counsel. But we're making you reopen your claim that was made to you based on an allegation you didn't even have in front of you? Well, it is tough for the BIA. I mean, I don't know. I frankly can't find the case that says how to do that. This is to the April 3, 2006 motion. But, Your Honors, the three motions, the two motions to reopen and the motion for reconsideration are intricately tied together. That's why they've been consolidated for this appeal. You can't decide one in a vacuum without the other two. Well, let's go on then to the January 2010 motion to reopen. Certainly. In that motion to reopen, the ineffective assistance of counsel claim was presented to the Board, but the Board did not discuss the merits of this claim and only rejected or denied Petitioner's motion based on other grounds. Well, in that particular motion to reopen, we have another problem. Petitioner didn't even appeal the underlying decision. And all the work done before the BIA was hers, not her counsel's. But Petitioner is not arguing that the other motions to reopen that were filed with the BIA are the ones at issue reflecting the ineffective assistance of counsel. She's arguing that the underlying work that was done in the 1997 proceedings, which gave rise to all these subsequent motions to reopen, was the root issue. Let me ask you another question. Since this was only addressed in a footnote, do we even have jurisdiction over that issue, since it's not in the argument, only in a footnote? This Court absolutely has jurisdiction over these motions to reopen. In the most recent denial by the Board, they mentioned that there was no jurisdiction because Petitioner had waived her right to appeal. However, Petitioner argues that any waiver that she may have made was not properly intelligent or considered and therefore must be set aside because the waiver occurred in the 1997 proceedings when she was represented by the same attorney who is at issue in her ineffective assistance of counsel claims. Well, you certainly, because you seem pretty sharp, you certainly know of our precedent that says unless it's addressed in something more than a footnote, the issue is waived. I think, are you talking about our actual briefing? Well, what I'm talking about, whether we have jurisdiction regarding ineffective assistance of counsel in the January 2010 motion to reopen because it was only addressed in a footnote. Well, in the opening papers, I think one of the first sections was that it was a statement that this Court does have jurisdiction to review all motions to reopen. And the footnotes specifically address the government's issue that in the Board's decision they mentioned that the appeal had been waived and we were addressing that argument there. But returning to how Petitioner was rendered ineffective assistance of counsel, during that first 1997 proceeding, when she could have presented the when her attorney could have presented the fact that she had an I-130 at that time and did not do so, that was detrimental to her claim. And then even after the deportation hearing, Petitioner, of course, went back to Mr. Vega's office and gave him the deportation order so that they can discuss it together. At that time, Mr. Vega pointed out the date of departure, but assured Petitioner that she could stay in the United States legally because she was married to a U.S. permanent resident. And she had no reason to believe that this was untrue. However, her attorney did not point out to her that her asylum application had been withdrawn or that her appeal had been waived. And due to what her attorney has told her and has not told her, Petitioner would have no reason to believe that either of those two other things had happened. Instead, what Mr. Vega did was he suggested that he would try to file an appeal on her behalf and he would get in touch with her later to discuss this. But he never was heard from again, despite multiple efforts from Petitioner to reach out to him. And so, even after 97, Petitioner continued to believe that she could legally stay in the United States until she finally tried to follow up with her asylum application in 2001. And that was when, as I pointed out to Your Honors earlier, that she went back to the board and tried to reinitiate her proceedings and then found out in 2006, through her pro bono counsel appointed by this court, that she finally had a legitimate claim for ineffective assistance of counsel. And that's where all three motions are tied together. I'd like to end at this time to reserve my time for rebuttal. Okay. Your Honors, may it please the Court. My name is Craig Newell and I'm here on behalf of the Attorney General. This consolidated case, despite the procedural complexity, presents two straightforward issues. And if we keep the petitions separated nicely, it's easier to understand. So, with respect to the first and second petition for reviews, at that the we're talking about the first and second petition to reopen? Yes. It would be the April 3, 2006 board decision and then the June 2006 board decision. All right. So, the board did not abuse its discretion in denying that motion to reopen, where all it had before was an untimely filed motion to reopen And the motion was only seeking an opportunity to apply for adjustment of status. That motion does not fit into any of the exceptions to the 90-day time limit. We're talking April 3, 2006. That's the one you're talking about? Yes. Yes, I'm sorry. The April 3, 2006. At this point, the counsel, she was representing herself? No. Yes, Your Honor. The motion that is before us in the first petition for review, she was representing herself. And also in the second petition for review, which is a motion to reconsider, she was also pro se. Yes. And nothing in that motion to reopen even alluded to a concern about her prior counsel or a concern about what happened beforehand. So, the board was not on any form of notice to think that, oh, maybe equitable, this pro se alien is raising an equitable tolling claim. So, the petitioner is kind of meshing the equitable tolling arguments for all the motions. And it only makes sense with the last motion. So, with respect to the first two petitions for reviews, all we have is an untimely motion to reopen, no exceptions applied, and nothing was raised that would make the board think that she was seeking equitable tolling. So, that clears up those two petitions for reviews. The third petition for review, the board denied that last motion to reopen because it lacked jurisdiction over the ineffective assistance the counsel claim she was raising. We're talking, that's in the April motion, right? This is in the, I'm not sure when that motion was filed. This is the last board decision, which was dated August 10, 2007, and was reissued March 19, 2010. That's the third petition for review. All right, I'm just trying to make sure. Yeah, right. This case gets confusing with the dates and the number of motions. But why the board held that it lacked jurisdiction is this. Her immigration proceedings ended in 97. An immigration judge issued an order granting her voluntary departure, and she waived appeal of that decision. Without an appeal, jurisdiction over that immigration judge's order and everything that occurred, any matters that occurred in those underlying immigration court proceedings, never vested or never passed to the board. So, if she wished to raise a challenge against the attorney she had during those immigration court proceedings, or challenge the waiver of the validity, sorry, challenge the validity of the waiver of her appeal, she needed to file her motion to reopen with the immigration judge. And the board, in its decision, cited matter of she, that's board precedent that says exactly that. And so, that is, it seems confusing because of those intervening motions and intervening board decisions. But because the substance of her ineffective assistance to the counsel claim all related to those immigration court proceedings, and jurisdiction never passed about those proceedings to the board, a motion. Let me question you just a little bit about that. I'm talking about the last case. Yes. 10-7-1-1-5-4. Okay. In that case, it's my understanding that Smith-Rodriguez did not appeal the IJ's decision in the initial deportation proceedings. Yes, Your Honor. However, then pro se, she did file a motion to reopen requesting additional relief that went before the IJ and then went to the BIA. Correct? Correct. Well, there is no question the BIA would retain jurisdiction over that motion to reopen, wouldn't it? Yes, with that, her first motion to reopen with the immigration judge and then she rightly appealed it to the board? I mean, what she did is she didn't appeal the first. Yes. But then she moved to reopen it for additional relief and that came to the BIA. And then, when it was in the BIA, then it seems to me then she files another motion to reopen. Because she has a motion to reopen in front of the BIA or she has an appeal, if you will, in front of the BIA. Now she's filing another motion to reopen. My worry was I couldn't find anything that said whether the BIA also gained jurisdiction over the non-appealed initial deportation hearing once having a properly filed motion to reopen in front of it. Your Honor. My worry about that is without clear instruction of what happens in that, don't I have the sad decision that I better send that back to the BIA to determine whether they have jurisdiction or not? Because there's no decision suggesting they do. Your Honor, I see your point. And the first, the government's position with respect to that, the first point is on this jurisdictional determination. That argument or issue you raised, the petitioner has not waived, I mean, has not challenged before this court and waived. The only argument about jurisdiction she raised was this circular argument where the board just looked at my ineffective assistance of counsel claim and found that it had merit. Then it would have known that my waiver, the validity of my waiver of appeal, that was invalid. And then because the waiver was invalid, then the board would have jurisdiction, but then jurisdiction should do what? To review the ineffective assistance of counsel claim. So if the board has never addressed this particular procedural facts where there was an immigration court proceeding immigration judge's order and then no appeal. And then other motions approached the board about different topics. It went to the IJ first. It went to the IJ. And then came to the board. Right. And now we have a motion to reopen about that motion to reopen. It got to them. Your Honor, that is correct. So if the board has not addressed that particular question, if the court feels that that needs to be addressed to resolve whether the board was correct or incorrect with this jurisdictional argument, the board would have to address that in the first instance. The board has only addressed a situation where, you know. But we have no jurisdiction to tell them what to do in that instance. Correct. Do you agree with me? Correct. I do agree. In that instance, I'd have to send it back to them for them to tell me what to do about that because they've never addressed it. Right. But in the end, what the board said was correct under its precedent matter sheet and under the regulations about when the board takes appellate jurisdiction and its regulations about when an immigration judge's order becomes final upon waiver of appeal. But would you also agree with me that if the BIA has jurisdiction, and I expressly suggest you don't think they do, but if they do, did they abuse their discretion in denying the motion to reopen on the grounds that it was untimely and exceeded the numerical limitations? It would seem to me that they're wrong because this is an equitable tolling situation. I mean, I think that the equitable tolling that's alleged in this particular matter would suggest that their decision about untimeliness and exceeding numerical limitations is not necessarily appropriate because we've got an equitable tolling situation and they should address it. If the board has jurisdiction over the ineffective assistance of counsel claim, then yes, it should address the merits of whether or not equitable tolling applied. But in this instance, it did not have jurisdiction over that ineffective assistance of counsel claim, so it did not address it. Counsel, I'd like to ask a question. She has an I-485 adjustment status pending. She's married to an American guy who has legal permanent residence status, and they have an 11-year-old American citizen son. So all of this could go away if that I-485 is granted. Do you know what the status of that is? She would have to, because she's under a final order of... My question to you is, do you know what the status of that I-485 is, granted or not granted? Her adjustment application from the record was rejected by DHS in 2005 because she was in proceedings, so she could not apply directly to DHS. And so that application has been denied a while ago. For her to apply, she would have to file a motion to reopen. She would have to approach DHS with a joint motion to reopen under her circumstances, and DHS, in its prosecutorial discretion, could join in that motion. She could get her case reopened and, yes, go forth from there. Is this another case where it would be prudent to send it to mediation? Here we have, she's lived in this country for many, many years. She's married to an LPR, has an 11-year-old son, who's an American citizen. All of these things suggest that something ought to be worked out. Your Honor, I agree, and I would like to note that this case was also in mediation for a while, and what happened there cannot be discussed. And the point, she has this approved I-130, and she got voluntary departure in 1997, 11 months of voluntary departure. If she, and the record conflicts with her story that she wasn't there for this hearing. It shows that she was. That if she followed through with her bargain on voluntary departure and returned to her native Guatemala, and when a visa became available to her, I checked the visa bulletin. That would have been in 2007. She could have adjusted and returned from then. But if a petitioner and her counsel wish to put this in mediation, I'd be willing to discuss that. Thank you, Your Honors. Thank you. And thank you for your, both of you, for your arguments. Oh, I think you have a little more time if you want to give it to us. Yeah. Thank you, Your Honors. I just wanted to point out with respect to Petitioner's I-485. Although her application was rejected by the DHS, it was not rejected based on its merits, because as Judge Fletcher pointed out, she does, in fact, have all the proper conditions met. She's married to a permanent resident, and she has a, I guess, now 16-year-old son who is a U.S. citizen. The reason that her I-485 was rejected was because the DHS actually sent Petitioner a letter in 2005 saying, please go back and have your motion reopened, and then we can pursue this further. And so Petitioner is trying to do exactly that. Again, as we've pointed out, we've been in the mediation program with the government before, but if the court finds this appropriate and the government is willing, Petitioner is happy to reconsider and mediate again. Well, my worry to you is that I think I ask counsel enough questions that counsel should know that it might be interesting to me that I'm at the end of my rope as to know whether we have jurisdiction or not based on the fact that now we've got to fight between where you should have been where and whether the BIA can pick it up. And after that, it's kind of up to you. And I appreciate your argument, but also there are problems that are in this case for you as well. Thank you, Your Honor. Thank you.
judges: Brewster, Fletcher B. , Smith N. R.